# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| JOHN RICHARD OSTERBERG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 18 C 50082 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| SARAH MEYERS, MARCIA SANDERS, GRETCHEN JOHNSON, VAL LEWIS, CONNIE WELLS, and JANE DOES 1-5, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff John Richard Osterberg, a former detainee at the Winnebago County Jail (the "Jail"), filed this civil rights action pursuant to 42 U.S.C. § 1983 while detained at the Jail. Osterberg claims that Defendants Sarah Meyers, Marcia Sanders, Gretchen Johnson, Val Lewis, Connie Wells, and Jane Does 1-5, health care providers at the Jail, violated his constitutional rights by acting with deliberate indifference to his medical needs, specifically, by failing to provide or facilitate appropriate and prompt treatment for his ankle and back. Defendants have filed a motion for summary judgment, arguing that Osterberg failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). But because Osterberg need not have appealed the seemingly favorable responses to his medical grievances and requests, the Court denies Defendants' motion for summary judgment.

## BACKGROUND[1]

The Jail has a grievance procedure for detainees to present complaints about their confinement, including complaints about their medical treatment.[2] As relevant here, the

---

[1] The facts set forth in this section are derived from the statements of fact submitted by the parties to the extent they comport with Local Rule 56.1, as well as the exhibits attached thereto. They are taken in the light most favorable to Osterberg, the non-movant.

grievance procedure required submission of a formal grievance if a detainee deemed efforts to resolve a problem informally inadequate. It also "include[d] at least one level of appeal," Doc. 54 at 15–18, requiring an appeal of either "any findings or sanctions imposed" from October 20 through November 28, 2017, *id.* at 15–16, or of "any response / decision" from November 28, 2017, until Osterberg's release, *id.* at 17–18.

The Jail made the inmate handbook, which included this grievance procedure, available on kiosks installed in the Jail's pods. The kiosks allowed detainees to electronically file service requests and grievances, including grievance appeals. The kiosks had different tabs for different requests, including a "Discipline/Appeal" tab. The kiosk system automatically entered and stored all entries and did not allow anyone within the Winnebago County Sheriff's Department Corrections Bureau to delete any entries. The Jail informed detainees about the inmate handbook and its availability on the kiosks during the orientation process and through an orientation video played multiple times per day in the classification pod and periodically on television screens located in the other pods.

Osterberg entered the Jail on October 20, 2017, and was released on September 19, 2018. On October 20, Osterberg signed an inmate receipt acknowledging that Jail officials had advised him of the availability of the Jail's rules and regulations on the kiosks. But Osterberg testified that he was intoxicated at the time of his arrest and so did not review the document. The Jail's records also reflect that Osterberg participated in a jail classification interview on October 21. In November 2017, the Jail issued tablets to detainees, including Osterberg. A detainee could access the inmate handbook on the tablets, although Osterberg denies knowing he could do so. Osterberg also did not recall seeing the orientation video played periodically throughout the Jail.

---

[2] Over the course of Osterberg's detention at the Jail, the grievance procedure varied slightly, although not in any material way for purposes of resolving Defendants' motion.

Osterberg acknowledges that he had periodic access to the kiosks but testified he had difficulty accessing and using them. He claims detainees only had approximately three minutes to submit a grievance before the kiosks locked the detainees out. Osterberg denies knowledge of an appeal process for medical grievances, stating instead that he pursued his grievances by repeatedly filing medical requests or grievances.

Indeed, Osterberg submitted a number of medical requests and grievances. Specifically, on October 21, 2017, Osterberg submitted medical request #577829, reporting back and ankle pain. He received a response that a nurse visit had been scheduled. On October 24, in medical grievances #578516 and 578544, Osterberg complained of increasing back and ankle pain and the need for a brace, providing information about the doctor who prescribed him the brace. He continued to complain of pain and bruising and the need for his brace in medical grievance #579397 on October 27, receiving the direction to fill out a medical request for an examination. The following day, according to Osterberg's amended complaint, he fell and required hospitalization. After his discharge from the hospital, on November 21, in medical request #585493, Osterberg reported continued back and leg problems and asked to see a doctor. Although he received no specific response through the kiosk system, Osterberg's amended complaint indicates that Meyers saw him the following day. Several months later, on February 2, 2018, Osterberg submitted medical grievance #605718, reporting continued pain and requesting to see a doctor. On February 12, he received a response indicating he had a nurse visit scheduled. After seeing the nurse that day, Osterberg followed up with medical grievance #607642 and 608052 on February 14 and 16, again requesting to see a doctor and explaining his problems. On February 17, he received a response that another nurse visit would be scheduled,

which, according to the amended complaint, occurred the following day. Soon thereafter, Osterberg filed this lawsuit.

Osterberg did not formally file any appeal of the responses to his medical requests or grievances. He did submit several grievance appeals between March and September 2018, but none of these appeals concerned his medical treatment at the Jail.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists does not create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

Defendants argue that Osterberg cannot proceed on his claims because he failed to exhaust his administrative remedies as required by the PLRA. *See* 42 U.S.C. § 1997e(a) ("No

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). To have exhausted his administrative remedies, Osterberg must have grieved his claim through "all steps that the agency holds out," and he must have "do[ne] so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). A detainee "who does not properly take each step within the administrative process has failed to exhaust" administrative remedies and thus "is foreclosed by § 1997e(a) from litigating" his claims. *Pozo*, 286 F.3d at 1024. Typically, the court conducts a hearing to resolve contested issues related to PLRA exhaustion. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). But the Court need not hold a hearing where it can resolve the question of exhaustion based on the affidavits and documentary evidence, the situation here. *See Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015); *Nesbitt v. Villanueva*, No. 09 C 6080, 2011 WL 737617, at *3 (N.D. Ill. Feb. 24, 2011).

Defendants acknowledge that Osterberg filed grievances concerning his medical treatment at the Jail, but they argue that his failure to appeal the responses to these grievances precludes him from proceeding on his claims. Admittedly, the Jail's grievance procedure provides that it "includes at least one level of appeal." Doc. 54 at 15–18. Although Defendants contend that the grievance procedure required Osterberg to appeal *any* response, the PLRA does not require appeals of favorable responses. *See Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) ("In short, the defendants' notion that Thornton should have appealed to higher channels after receiving the relief he requested in his grievances is not only counter-intuitive, but it is not required by the PLRA."); *Demus v. Nickerson*, No. 15-cv-11741, 2019 WL 1923399, at *3–4

(N.D. Ill. Apr. 30, 2019) ("A grievance that leads to a favorable response satisfied the exhaustion requirement's purpose of allowing time for corrective action."). Here, as outlined above, the responses Osterberg received appeared to address his complaints, scheduling him for medical visits. Although ultimately dissatisfied with the treatment he received during these visits, Osterberg could reasonably "rely on the favorable responses instead of filing pointless appeals." *Demus*, 2019 WL 1923399, at *3; *Martin v. Cook Cty. Dep't of Corr.*, No. 10 C 2162, 2013 WL 1181491, at *5 (N.D. Ill. Mar. 20, 2013) (inmate did not have to appeal response that referred his grievance to dental services where "[a] referral for dental services was exactly what Plaintiff wanted"). Therefore, the Court concludes that Osterberg properly exhausted his administrative remedies for PLRA purposes.[3] *See Nesbitt*, 2011 WL 737617, at *4 ("When he received a response indicating that his complaint would be addressed by the dispensary, he was entitled to rely on that promise rather than appeal the grievance."); *Myers v. McAuley*, No. 02 C 1590, 2002 WL 31006131, at *3 (N.D. Ill. Sept. 5, 2002) ("Because the plaintiff's concerns about the lack of medical attention were supposedly being addressed and rectified by the health care unit, there would have been no reason to appeal the decision to the next level of review.").

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for summary judgment [53].

Dated: January 7, 2020

SARA L. ELLIS
United States District Judge

---

[3] Because the Court concludes that Osterberg did not need to appeal the responses he received for exhaustion purposes, the Court does not address the other arguments raised by the parties in their briefing.